45594, 45595. HICKS v. ARNALL; and vice versa.
(368 SE2d 733)

CLARKE, Presiding Justice.

These appeals question the validity of a Houston County tax levy for educational purposes and a local constitutional amendment which imposes a cap on the authorized millage.

In 1982, the voters of Houston County ratified an amendment to the Georgia Constitution limiting the millage rate for educational purposes in Houston County. Art. VII, Sec. I, Par. II of the Constitution of Georgia, as amended 1982. The amendment also contains an exception, section 1(3) (D), which authorizes a levy higher than the cap when necessary to comply with future federal and state statutes for which there is no state or federal funding.

In 1987, the millage rate for educational purposes in Houston County exceeded that allowed under the tax cap because according to the Board of Education, the Quality Basic Education Act (OCGA § 20-2-130 et seq.) mandated this excess. Hicks and other taxpayers

brought suit to enjoin the members of the Board of Education from imposing, levying, collecting or receiving any ad valorem taxes on real property in Houston County in excess of the millage rate limitation imposed by the tax cap. The suit joined members of the Houston County Board of Commissioners as party defendants in the case.

The trial court dismissed the members of the Board of Commissioners as parties and denied the prayer for injunction. In its order, the trial court found that the QBE mandates the levying of taxes in excess of the tax cap and that because of this the levy in question falls within the exception contained in the constitutional amendment.

As part of their defense, members of the Board of Education contend that the tax cap itself is a denial of equal protection. The trial court disagreed relying upon the reasoning of *San Antonio Independent School District v. Rodriguez*, 411 U. S. 1 (93 SC 1278, 36 LE2d 16) (1973) and *McDaniel v. Thomas*, 248 Ga. 632 (285 SE2d 156) (1981). The taxpayers appealed the denial of the injunction and the dismissal of the members of the Board of Commissioners as parties while the Board of Education cross-appealed the court's finding that the tax cap meets constitutional tests.

We affirm the trial court. The exception contained in the tax cap amendment presents a clear and unambiguous explanation of those circumstances under which the levy may exceed the tax cap. At the same time the QBE act imposes additional funding obligations upon local boards of education for which no state or federal funds are provided.

We find no error in the admission of testimony by the county school superintendent outlining the expenditure required of the Board of Education under the QBE act. The county school superintendent acts as the chief fiscal officer of the board of education. OCGA § 20-2-109. In this capacity he qualifies to testify concerning the fiscal affairs of the board, and such testimony is relevant to this case. It follows that evidence of the effect of the QBE act is so closely tied to the board's fiscal affairs that it is appropriate and admissible here.

Because we find no entitlement on the part of the taxpayers to the relief sought, we do not reach the remaining questions appealed.

*Judgment affirmed. All the Justices concur, except Hunt, J., not participating.*

DECIDED JUNE 9, 1988.

*Adams, Hemingway, Wilson & Baxter, William P. Adams, D. Mark Baxter,* for appellant.

*Michael J. Long, Tom W. Daniel, Hugh Lawson, Jr.,* for appellee.